UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARK MAZZUCO, on behalf of himself and all others similarly situated,<br><br>and YISROEL KUPFERSTEIN, Consolidated Plaintiff 3:14-cv-00947-TJB,<br><br>Plaintiffs,<br><br>vs.<br><br>CERTIFIED CREDIT & COLLECTION BUREAU, and JOHN DOES 1-25,<br><br>Defendants. | Case No.: 3:13-cv-07422-TJB<br><br>[PROPOSED]<br>FINAL APPROVAL ORDER<br><br>RECEIVED<br><br>FEB 1 8 2015<br><br>AT 8:30_____M<br>WILLIAM T. WALSH<br>CLERK |

**WHEREFORE**, it appearing to the Court that:

A. On November 20, 2014, this Court entered a Preliminary Approval Order which, among other things, preliminarily and conditionally certified this lawsuit to proceed as a class action for settlement purposes only, defined the Settlement Class and Settlement Class Claims, appointed Settlement Class Counsel, preliminarily approved the proposed Stipulation of Settlement which would be binding on the Settlement Class, provided for notice to the Settlement Class including an opportunity for Settlement Class members to request exclusion from the Settlement Class and to object to the proposed Stipulation of Settlement, and scheduled a hearing ("Final Hearing") for February 17, 2015, to consider any objections and to determine whether the proposed settlement is fair, reasonable, and adequate. [Docs. 35 & 36].

B. In satisfaction of Fed. R. Civ. P. 23(e)(3), a copy of the Stipulation of Settlement was provided to the Court with the Parties Consent Motion seeking the entry of the Preliminary Approval Order.

C.  In accordance with the Court's Preliminary Approval Order, on December 15, 2014, actual notice was sent by first class mail to 32,808 Settlement Class Members by Dahl Administrators, LLC (the "Class Administrator"). The USPS returned 3,810 Notice Postcards as undeliverable from the initial mailing without a forwarding address. These address records were sent to a professional address location service for address tracing. After tracing, 2,139 updated addresses were received and Notice Postcards were re-mailed to the new addresses; 1,671 Notice Postcards could not be re-mailed because no new address was found. Of the 2,139 Notice Postcards re-mailed to traced addresses, 91 were subsequently returned as undeliverable from the traced address and were not re-mailed a second time

D.  In accordance with the Court's Preliminary Approval Order, the Class Administrator established an Internet website containing information about the Settlement, which set forth the following information: (i) the full text of the Stipulation of Settlement; (ii) the short and long form Class Notices to the Settlement Class Members; (iii) the Preliminary Approval Order and other relevant Court orders; and, (iv) contact information for Class Counsel and the Class Administrator.

E.  In accordance with the Court's Preliminary Approval Order, the Class Administrator also established a toll-free telephone number to answer questions from Settlement Class Members through an interactive voice response (IVR) system with an option to leave a message to be responded to by Class Counsel.

F.  On February 17, 2015, in accordance with the Preliminary Approval Order [Docs. 35 & 36] and Fed. R. Civ. P. 23(e)(2), counsel for the Parties timely appeared for the Final Fairness Hearing to determine whether the action satisfies the applicable prerequisites for class action treatment and whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Class Members and should be approved by the Court;

G. The Class Members were given an opportunity to object to the settlement; however, no Class Members objected to the settlement. The Class Members who made valid and timely requests for exclusion are excluded from the class and settlement and are not bound by this Order. Only seven (7) Class Members validly and timely requested exclusion. The identities of such persons are set forth in <u>Exhibit A</u>, attached hereto; and

H. With the Court having concluded that the proposed settlement is fair, reasonable, and adequate; and the Court being duly advised in the premises, and for good cause shown;

**IT IS HEREBY ORDERED AND ADJUDGED:**

1. The Court confirms its certification in the Preliminary Approval Order of this lawsuit as a class action for settlement purposes only and, in accordance with Fed. R. Civ. P. 23(b)(3), defines the "Settlement Class" as:

> All persons in the State of New Jersey to whom Certified Credit & Collection Bureau sent a written communication during a period beginning December 10, 2012 and ending on March 6, 2014, in connection with its attempt to collect a debt on behalf of Meridian Health Systems and which states either (i) "[b]ecause of interest and other charges that may vary from day to day, the amount due on the day you pay may be greater;" or (ii) "kindly remit the balance due with the bottom portion of the statement. Should there be any discrepancy or question, please call us toll free (800) 253-2920 or for a twenty four (24) hour automated system call (800) 354-4744."

The Court further defines the "Settlement Class Claims" as those claims arising from the initial collection letters sent by Defendant, Certified Credit & Collection Bureau ("CCCB") to Settlement Class Members, which stated either (i) "[b]ecause of interest and other charges that may vary from day to day, the amount due on the day you pay may be greater;" or (ii) "kindly remit the balance due with the bottom portion of the statement. Should there be any discrepancy or question, please call us toll free (800) 253-2920 or for a twenty four (24) hour automated

system call (800) 354-4744." The Court further defines the Settlement Class Claims as those arising under 15 U.S.C. §§ 1692e(2)(A), 1692e(5), 1692e(10), 1692f(1), and 1692g(a)(1).

2. The Court declares that the Parties' Notice Plan as set forth in the Stipulation, including the notice mailed to Class Members, satisfied the requirements of Fed. R. Civ. P. 23 and constitutional due process.

3. The Court approves the disbursement of the cy pres payment as provided for in Paragraph 2.3(b) of the Stipulation of Settlement and directs that Class Counsel disburse the payment in accordance with the terms of the Stipulation as follows: $7,000.00 payable to The Civil Justice Clinic at Rutgers School of Law-Newark; and $7,000.00 payable to The Center for Social Justice at Seton Hall School of Law.

4. The Court awards attorneys' fees and costs to Settlement Class Counsel, Andrew T. Thomasson, in the amount of $ 24,000 , and further awards attorneys' fees and costs to Settlement Class Counsel, Joseph K. Jones, in the amount of $ 35,000 . The Court declares such fees and costs, and the hourly rates sought, to be fair and reasonable.

5. The Stipulation, which was filed with the Court on October 14, 2014 [Doc. 32-2], and which shall be deemed incorporated herein by reference in its entirety, is finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended by any subsequent order issued by this Court.

6. This Order is binding on all Class Members, except those individuals identified in Exhibit A hereto, who validly and timely excluded themselves from the Settlement Class.

7. The Class Representatives, Class Members, and their successors and assigns are permanently barred and enjoined from instituting or prosecuting, either individually or as a class, or in any other capacity, any of the Released Claims against any of the Released Parties, as set forth in the Stipulation. Pursuant to the release contained in the Stipulation, the Released Claims

are compromised, settled, released, discharged, and dismissed with prejudice by virtue of these proceedings and this Order.

8. The Lawsuit is hereby dismissed with prejudice in all respects.

9. This Order is not, and shall not be construed as, an admission by CCCB of any liability or wrongdoing in this or in any other proceeding.

10. The Court retains jurisdiction over the interpretation, enforcement, and implementation of the Stipulation of Settlement and this Final Order. Except as retained, all claims against all CCCB are dismissed with prejudice and without taxing costs.

**IT IS SO ORDERED:**

_____
HONORABLE TONIANNE J. BONGIOVANNI
Magistrate Judge, United States District Court

Dated: 2/17/15

DE # 42 is terminated